IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENHUR CARMONA | ) | CASE NO. 4:10CV0677 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

Petitioner *pro se* Benhur Carmona ("Carmona"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 in the United States District Court for the Southern District of New York and sentenced to a term of imprisonment of 188 months. *U.S. v. Carmona*, Case No. 1:03CR1373-024:05CR0236. Carmona has also filed Motions for Leave to Proceed *In Forma Pauperis* (ECF 3) and for Leave to File Supplemental Documents. (ECF 5).

Carmona presents the following three issues:

1. Warden is executing a void judgment in violation of the Constitution or laws thereof because the judgment was rendered without a showing of its subject matter jurisdiction or impersonam jurisdiction or venue or the statutory standing of the plaintiff as required by law.
2. Warden is executing a void judgment in violation of the Constitution or laws thereof because said judgment was rendered in violation of the grand jury clause of the Fifth Amendment because it is no true jury indictment.
3. Warden is executing a void judgment in violation of the Sixth Amendment counsel provision for numerous reasons.

The third issue pertains to several claims of ineffective assistance of counsel. Carmona asserts that his claims are appropriate under § 2241 because they do not relate to the execution or imposition

of a sentence so are inadequate or ineffective for attacking a sentence under 28 U.S.C. § 2255.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under

§ 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Carmona is challenging the imposition of his conviction that occurred in the Southern District of New York, not the execution or manner in which he is serving his sentence which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He is arguing that, because the district court lacked jurisdiction over his case, the grand jury proceedings were unlawful, and ineffective assistance of counsel existed, he should not have been convicted. None of his grounds for relief pertain to the execution of his sentence. Generally, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi,*135 F.3d at 1123). There is no indication that a § 2255 motion would have been inadequate or ineffective to test the legality of his detention in order to bring a § 2241 action.

3

This § 2241 Petition cannot be a substitute for the proper § 2255 Motion.

Accordingly, Carmona's Motion to Proceed *In Forma Pauperis* is granted. (ECF 3). The Motion for Leave to File Supplemental Documents is denied. (ECF 5). This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 18, 2010

s/ *James S. Gwin*
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.