IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENHUR CARMONA | ) | CASE NO. 4:10CV0677 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

On May 18, 2010, this Court dismissed Petitioner Benhur Carmona's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241. He was convicted of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 in the United States District Court for the Southern District of New York and sentenced to a term of imprisonment of 188 months. *U.S. v. Carmona*, Case No. 1:03CR1373-024:05CR0236. Carmona presented the following three issues:

> 1. Warden is executing a void judgment in violation of the Constitution or laws thereof because the judgment was rendered without a showing of its subject matter jurisdiction or impersonam jurisdiction or venue or the statutory standing of the plaintiff as required by law.
> 2. Warden is executing a void judgment in violation of the Constitution or laws thereof because said judgment was rendered in violation of the grand jury clause of the Fifth Amendment because it is no true jury indictment.
> 3. Warden is executing a void judgment in violation of the Sixth Amendment counsel provision for numerous reasons.

The action was dismissed on the ground that § 2241 was not the proper remedy since he was challenging the imposition of his conviction that occurred in the Southern District of New York, not the execution or manner in which he is serving his sentence which usually entails the computation of sentence credits or parole eligibility. He should have filed a Motion under 28 U.S.C. § 2255 in

the sentencing court. This matter is now before the Court upon Petitioner's Petition for Injunctive Relief pursuant to 42 U.S.C. § 2000bb-1.

Petitioner asserts that he has a pending action filed on September 2, 2010 wherein he requested this Court prevent the Respondent's from using the threat of force, coercion, or duress to extract DNA or blood samples. He requested that Respondents wait for the Court's decision before pursuing the matter any further. The Petition for Injunction was filed in this case which, as previously stated, was dismissed on May 18, 2010. There are no other cases involving Petitioner pending in this Court. Since, the present action, not involving the extraction of DNA or blood samples was dismissed, this Court has no jurisdiction over his Petition for Injunction.

Accordingly, Petitioner's Petition for Injunction is dismissed.

IT IS SO ORDERED.


Date: December 4, 2010                    *s/ James S.Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE